**Dale GRAY, dba G & V Equipment Co., Plaintiff,**

v.

**STEEL ERECTION AND RIGGING COMPANY, a corporation, Defendant.**

Civ. No. 67–679.

United States District Court
D. Oregon.

Oct. 15, 1969.

**434**

Ben Lombard, Jr., Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., and Charles Strader, Black, Helterline, Beck & Rappleyea, Portland, Or., for plaintiff.

Roger L. Meyer, Sabin, Newcomb, Sabin & Meyer, Portland, Or., for defendant.

## OPINION

### KILKENNY, District Judge:

Plaintiff rented a crane to defendant. The crane tumbled off a temporary bridge and was damaged. Plaintiff seeks to recover the damages. Defendant counterclaims for expenses incurred in the salvage of the crane.

## AGREED FACTS

Plaintiff is an individual doing business in the state of Oregon. Defendant is a Utah corporation authorized to transact business in this state. Plaintiff is the owner of a 1966 Loraine crane with attachments, which was rented to defendant prior to the occurrence here under consideration. The agreed rental was $5,500.00 per month. The crane was leased to defendant on condition that it be operated by the employees of plaintiff, who were expert in its operation.

On October 7, 1967, while in use under the lease, the crane fell into the Illinois River while being driven across a temporary bridge spanning the river. At that time, the crane was being operated by plaintiff's regular employees. They were carried on plaintiff's payroll. Defendant was billed for the payroll costs of these employees. The property was in good order and condition on delivery to defendant.

## PLAINTIFF'S CONTENTIONS

Plaintiff advances two theories of recovery. One, that defendant, as bailee, breached the rental agreement with plaintiff when it returned the property in a seriously damaged condition. Two, defendant failed to use due care in its management of the crane in the following particulars:

(a) It directed the operator of the crane close to the edge of the temporary bridge, which edge defendant knew, or should have known, was incapable of supporting the weight of said crane;

(b) It directed the operator of the crane onto said temporary bridge knowing, or having reason to know, that because of previous hasty and inadequate repairs to said temporary bridge it was unable to withstand the weight, especially on its outer reaches, of heavy equipment; and

(c) It directed said crane onto the bridge in spite of having been warned by the operater and oiler of said machine that the support capabilities of said bridge were uncertain and insufficient.

Plaintiff demands recovery for (1) its salvage and rescue expenses, (2) damage to the crane, including depreciation, and (3) rental still owing on the crane.

## DEFENDANT'S CONTENTIONS

Defendant denies the charges of plaintiff and affirmatively states:

(1) As part of the rental agreement, the plaintiff insisted that the crane be operated by plaintiff's expert employees, in order that they might properly oversee the operation and protect the vehicle from damage.

(2) At the time of the occurrence, the plaintiff and his employees were in sole control of the manner in which the crane was operated.

(3) That plaintiff and his employees negligently operated and directed the operation of the crane so as to cause it to topple over and fall into the river.

(4) That as an outgrowth of the negligence of the plaintiff and his employees, defendant incurred expense in salvaging the crane and was compelled to hire other equipment and personnel to stand by dur-

ing the salvage operation, all to its damage.

On the entire record, I am convinced that plaintiff retained a substantial amount of control over the crane and that an outright bailment did not exist. Plaintiff insisted that his own experts operate the crane. Likewise, I am convinced that the movement of the crane across the temporary bridge was a joint operation between plaintiff and defendant, each participating in the movement and direction of the crane until it fell into the river.

There is no doubt but that defendant constructed the bridge and should have known that it might be unable to withstand the weight of the crane. Moreover, it directed the crane onto the bridge after being warned by plaintiff's operator that the support capabilities of the bridge were uncertain and might be insufficient. On the other hand, the plaintiff's expert operator, over whom plaintiff retained control, knew that the bridge was unstable, maneuvered the crane on an untraveled portion of the bridge, and, after the crane was in deep trouble, failed to place the outriggers on the crane in such a position that they would act as a counterbalance.

The negligence of the plaintiff, combined with the negligence of the defendant, was the proximate cause of the casualty, the resulting damage and the expense of salvage.

Neither party is entitled to recover.

While each party cites a number of cases on the law involved, I find myself faced with issues of fact, rather than those of law. The law on the subject is well settled. Penrose v. Mitchell Bros. Crane Div., Inc., 246 Or. 507, 426 P.2d 861 (1967), and McCollum v. Smith, 339 F.2d 348 (9th Cir. 1964), while not factually in point, are helpful in outlining the general legal principles to be applied to this factual background.

The foregoing shall serve as my findings and conclusions. Counsel shall prepare, serve and present an appropriate judgment in conformity herewith.